## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ANDREW PERRONG, on behalf of himself and others similarly situated, | : : CIVIL ACTION FILE NO. |
| Plaintiff, | : : |
| v. | : **COMPLAINT – CLASS ACTION** |
| BROADLEAF MARKETING & SEO, LLC | : : **JURY TRIAL DEMANDED** |
| Defendant. | : : |

Plaintiff Andrew Perrong (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

### NATURE OF ACTION

1. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6, 2020).

2. This case involves a campaign by Broadleaf Marketing & SEO, LLC ("Broadleaf Marketing") to market its services through the use of pre-recorded telemarketing calls in plain

violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA").

3. Broadleaf Marketing also sent multiple calls to residential telephone numbers that are registered on the National Do Not Call List (hereafter "NDNC"), which is a separate and additional violation of the TCPA.

4. The recipients of Broadleaf Marketing's illegal calls, which include Plaintiff and the proposed classes, are entitled to damages under the TCPA and because the technology used by Broadleaf Marketing makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

5. Plaintiff Andrew Perrong is, and at all times mentioned herein was, an individual citizen of the Commonwealth of Pennsylvania.

6. Defendant Broadleaf Marketing & SEO, LLC is a Florida limited liability company with a registered agent of Kerry Marshall, 2815 NE 33rd Ave., Suite 101 in Fort Lauderdale, FL 33308. Broadleaf Marketing's principal place of business is 811 Lucerne Ave. Lake Worth, FL 33460 in this District..

## JURISDICTION AND VENUE

7. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

8. This Court has specific personal jurisdiction over Broadleaf Marketing because the company resides in this District.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the telephone calls at issue were in this District.

## TCPA BACKGROUND

<u>The TCPA Prohibits Automated Telemarketing Calls</u>

10. The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

11. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

12. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

13. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

14. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

The National Do Not Call Registry

15. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

16. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

17. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

18. Defendant Broadleaf Marketing is a "person" as the term is defined by 47 U.S.C. § 153(39).

19. Plaintiff Perrong's telephone number, 215-947-XXXX, is registered on the National Do Not Call Registry and Pennsylvania Do Not Call Registry and had been for more than 31 days prior to the calls in this action.

20. Plaintiff Perrong's telephone number, 215-947-XXXX, is used for personal purposes.

21. Plaintiff Perrong's telephone number, 215-947-XXXX, is not associated with a business.

22. Plaintiff Perrong's telephone number, 215-947-XXXX, is charged for each call.

23. There is a ring fee associated with each call and then a charge of $0.004per minute for each call.

24. The Plaintiff Perrong received at least four telemarketing calls from the Defendant.

25. The Defendant called 215-947-XXXX on June 26, July 14, August 14 and 20, 2020

26. The calls solicited the Plaintiff to purchase Broadleaf Marketing's internet optimization services.

27. Each of the calls began with an identical pre-recorded message, which provided in pertinent part:

> Hello! And please don't hang up. We've tried to contact you numerous times about your Google business listing. Our records show your Google business listing may be suspended or not verified through Google. This can cause customers searching for your services to not be able to find your business online. Press 1 to speak with a listing pro expert so we can quickly check the status of your Google business listing. This will only take a few minutes.

28. During the June 26 and August 20 calls, the Plaintiff engaged the telemarketer to verify that it was Broadleaf Marketing's services being promoted.

29. He confirmed that it was, including by receiving a proposed contract on August 20.

30. The Plaintiff also was able to confirm Broadleaf's involvement because he received a live call following up on each of these two calls from Caller ID (877) 277-5664.

31. The person on the line from this caller ID was the same person from earlier in the call.

32. This caller ID has received numerous complaints about harassing telephone calls, for instance, "The solicitor was rude and started yelling, so I hung up. She then called back and said she would give our business horrible reviews....and we are a church!" *See 877-277-5664*, 800Notes, https://800notes.com/Phone.aspx/1-877-277-5664 (Last Visited August 25, 2020).

33. Broadleaf Marketing has been sued for allegations that they violated the TCPA multiple times. *See Becker v. Broadleaf Marketing & SEO, LLC*, 18-cv-61695 (S.D. Fl.); *Strange v. Green and Red Company, et. al.*, 18-cv-81382 (S.D. Fl.); *Javitch v. Web Listing Experts LLC et al*, 19-cv-5419 (N.D. Cal.).

34. Broadleaf Marketing has also received numbers complaints through the Better Business Bureau:

> Robo Called 3 - 4 times a day. First they tell me my Google listing is bad. Then they tell me they need my log in credentials to fix the listing. Third, for a fee they will write positive reviews about my business "pushing down" the negative ones. (There are none.) Fourth they informed me that they can offer SEO marketing from them. I have repeatedly informed them I am NOT interested. They got nasty, and now all of a sudden after 15 years in business I am getting negative reviews on my business. POSTED BY THE SAME TWO GUYS WHO WRITE NEGATIVE REVIEWS ON SEVERAL COMPANIES HOWEVER THEY WRITE GLORIFYING REVIEWS ON THEIR OWN BUSINESS BROADLEAF MARKETING. These guys are scam artists.
>
> Would be an absolute ZERO stars if I could! I also succumbed to the robo calls before I investigated them.
>
> Signed up with Broadleaf after many annoying Robo Calls.

*See* https://www.bbb.org/us/fl/boca-raton/profile/seo-services/broadleaf-marketing-seo-llc-0633-90369122/customer-reviews (Last Visited August 25, 2020).

35. The communications received by Plaintiff demonstrate that the message was sent for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services as it seeks to have him sign up for their chimney cleaning service. This message therefore qualified as telemarketing. 47 C.F.R. § 64.1200(f)(12).

36. Plaintiff did not provide his prior express written consent to receive the telemarketing calls at issue.

37. The calls were not necessitated by an emergency.

38. Plaintiff and all members of the Classes, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for incoming calls. Plaintiff and the Class Members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

39. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

40. Plaintiff brings this action on behalf of herself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

41. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **Robocall Class:** All persons within the United States: (1) to whose cellular telephone number or other number for which they are charged for the call (2) Defendant (or an agent acting on behalf of Defendant) placed a telemarketing call (3) within the four years prior to the filing of the Complaint (4) using an identical or substantially similar pre-recorded message used to place telephone calls to Plaintiff.
>
> **National Do Not Call Registry Class**: All persons in the United States (1) whose telephone numbers were on the National Do Not Call Registry for at least 31 days (2) but who received more than one telephone solicitation telemarketing call (3) from or on behalf of Broadleaf Marketing (4) with a 12-month period, (5) from four years prior the filing of the Complaint.

42. Plaintiff Perrong is a member of and will fairly and adequately represent and protect the interests of these Classes as he has no interests that conflict with any of the class members.

43. Excluded from the Classes are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

44. Plaintiff and all members of the Classes have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time,

the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

45. This Class Action Complaint seeks injunctive relief and money damages.

46. The Classes as defined above are identifiable through the Defendant's dialer records, other phone records, and phone number databases.

47. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in each class.

48. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

49. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

50. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class members.

51. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

      (a) Whether the Defendant used pre-recorded message to send telemarketing calls;

      (b) whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

      (c) whether Defendant made calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;

      (d) whether Defendant's conduct constitutes a violation of the TCPA; and

  (e) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

52. Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has no interests which are antagonistic to any member of the Classes.

53. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

54. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

55. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

56. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. 227, et seq.)**
**on behalf of the National Do Not Call Registry Class**

57. Plaintiff incorporates the allegations from paragraphs 1 through 9 and 15 through 56 as if fully set forth herein.

58. Broadleaf Marketing violated the TCPA and the Regulations by making, or having its agent make, two or more telemarketing automated calls within a 12-month period on

Broadleaf Marketing's behalf to Plaintiff and the members of the National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

59. As a result of the Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and National Do Not Call Registry Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

60. Plaintiff and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

61. The Defendant's violations were knowing or willful.

## SECOND CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. 227(b))
### on behalf of the Robocall Class

62. Plaintiff incorporates the allegations from paragraphs 1 through 14 and 18 through 56 as if fully set forth herein.

63. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Class delivering pre-recorded messages.

64. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and

every call made to their residential or cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

65. If the Defendant's conduct is found to be knowing or willful, the Plaintiff and members of the Class are entitled to an award of up to treble damages.

66. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry or using a pre-record message in the future;

B. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation;

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

D.	Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Respectfully Submitted,

**Andrew Perrong**, individually and on behalf of those similarly situated individuals

Dated: September 18, 2020

/s/ *Avi Kaufman*
Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Counsel for Plaintiff and the putative classes*